UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACIE MOON, on behalf of herself and all others similarly situated, | 22 Civ. 7433 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| KIA AMERICA, INC., HYUNDAI MOTOR AMERICA, and HYUNDAI AMERICA TECHNICAL CENTER, INC., | |
| Defendants. | |

Plaintiff Stacie Moon, on behalf of herself and all others similarly situated, alleges as follows for her complaint against Defendants Kia America, Inc., Hyundai Motor America, and Hyundai America Technical Center, Inc. (collectively, "Defendants").

## NATURE OF ACTION

1. This is a class action arising from a defect in Defendants' vehicles that makes them easy to steal, unsafe, and worth less than they should be if they did not have the defect.

2. Defendants did not disclose this defect, which is a material fact, and a fact that a reasonable person would rely on when purchasing a vehicle.

3. During the relevant class period, Defendants sold these Defective Vehicles (as defined below) at multiple locations throughout the state of New York and the United States.

4. During the relevant class period, Defendants manufactured, designed, and put into the stream of commerce the Defective Vehicles.

5. Defendants did so without disclosing the fact that these vehicles had a defect which made them easy to steal, unsafe, and worth less than they should be if they did not have the defect.

6. Even now, Defendants admit there is a theft problem with these vehicles but refuse to fix them, compensate consumers, or otherwise take actions to solve the problems their Defective Vehicles are causing.

## PARTIES

7. Plaintiff Stacie Moon is a resident and citizen of the state of New York.

8. Plaintiff brings this action on her own behalf and as a representative of a class of persons who purchased and/or own a Defective Vehicle that was manufactured, produced, distributed, and/or sold by Defendants.

9. This matter arises out of negligent acts, errors, and omissions committed by the Defendants causing Plaintiff and the putative class to suffer damages.

10. Plaintiff brings this action on her own behalf and as representative of a class of similarly situated persons to recover damages for violations of the New York General Business Law §349 ("NYGBL"), among other claims, and economic and injunctive relief against Defendants that manufactured, designed, tested, distributed, promoted and sold the Defective Vehicles.

11. Plaintiff is a consumer within the meaning of NYGBL.

12. Defendants engaged in trade or commerce within the meaning of NYGBL.

13. At the time her vehicle was purchased, Plaintiff was unaware that the vehicle was defective and that it was not fit for the ordinary purposes for which the product is used in that it is easy to steal, unsafe, and worth less than it should be if it did not have the defect.

14. Plaintiff purchased a 2020 Kia Sportage from Transitowne Kia in West Seneca, New York for personal, family or household purposes.

15. Plaintiff, on behalf of herself and the putative class, seeks a refund for monies paid as a result of their purchase of the Defective Vehicles, compensation for other losses incurred as a result of the defect, and further seeks injunctive relief, enjoining Defendants from selling the Defective Vehicles, and requiring Defendants to fix the defect.

16. Defendant Kia America, Inc. is a resident and citizen of California as it is a California corporation that maintains its principal place of business at 111 Peters Canyon Road, Irvine, California, 92606. Defendant Kia America, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

17. Defendant Hyundai Motor America is a resident and citizen of California in that it is a California corporation that maintains its principal place of business at 10550 Talbert Avenue, Fountain Valley, California 92708. Defendant Hyundai Motor America is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

18. Defendant Hyundai America Technical Center, Inc., is a resident and citizen of Michigan in that it is a Michigan corporation that maintains its principal place of business at 6800 Geddes Road, Superior Township, Michigan 48198. Defendant Hyundai America Technical Center, Inc. is engaged in the business of testing, developing, manufacturing, labeling, marketing, distributing, promoting, supplying and/or selling, either directly or indirectly, through third parties and/or related entities, the Defective Vehicles.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") because (1) Plaintiff brings this action on behalf of a class which numbers in the thousands, (2) Plaintiff and Defendants are citizens of different states, and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). Plaintiff brings a putative class that includes all persons who purchased a Defective Vehicle within the State of New York. On information and belief, Defendants have sold thousands of Defective Vehicles throughout New York, generating millions upon millions of dollars in sales.

20. This Court has personal jurisdiction over Defendants in that Defendants transact business within the state of New York and committed one or more tortious acts within the state of New York.

21. Defendants transacted business and/or committed tortious acts within the state of New York. Defendants design, manufacture, distribute, and/or sell dangerous and/or defective vehicles in New York. Defendants placed the Defective Vehicles and dangerous products into the stream of commerce, sold and/or supplied said products for use, used said products, and/or transacted business and committed tortious acts in New York from which Plaintiff's claims arise.

22. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

23. Defendants manufacture, design, produce, distribute and sell the "Defective Vehicles," which are hereby defined as: "all Kia models from 2011-2021, and all Hyundai models from 2011-2021 that lack an engine immobilizer." All such vehicles share the same defects, and therefore an owner of any one of them may bring a class action on behalf of the entire class.

24. Defendants concealed or otherwise failed to disclose, reveal, or provide notice to customers, including Plaintiff, in Defendants' advertising, labeling or otherwise, that these vehicles are defective and are not fit for the ordinary purposes for which the vehicles are used in that they are easy to steal, unsafe, and worth less than they should be if they were not defective.

25. One of the reasons these vehicles are too easily stolen is their failure to comply with Federal Motor Vehicle Safety Standard ("FMVSS") 114. FMVSS 114, S.5.1.1 provides:

> Each vehicle must have a starting system which, whenever the key is removed from the starting system prevents:
> (a) The normal activation of the vehicle's engine or motor; and
> (b) Either steering, or forward self-mobility, of the vehicle, or both.

26. The Defective Vehicles do not comply with FMVSS 114 in that whenever the key is removed from the starting system, neither steering nor forward self-mobility is prevented. If the Defective Vehicles did comply, they would not be stolen at such alarming rates.

27. A stolen vehicle cannot provide reliable transportation.

28. A stolen vehicle is not a safe vehicle.

29. A vehicle that can be too easily stolen is not a vehicle that can be depended upon to provide reliable transportation.

30. A vehicle that can be too easily stolen is not a safe vehicle.

31. The vehicles are defective in that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key.

32. As a result of this defect, a car thief need only strip the ignition column, exposing a piece that pops off, and then insert a USB drive, a knife, or some other similar tool to start the vehicle without a key or code.

33. Once a thief does so, they can freely operate the vehicle, including the vehicle's steering and forward self-mobility.

34. Because many people charge their mobile phones in their cars, the necessary instrument needed to steal a Defective Vehicle is usually readily available to any thief.

35. Additionally, on information and belief, some of the Defective Vehicles' windows are not adequately connected to the security system which thus allow a thief to break or pry the window without the alarm being triggered.

36. Defendants knew their vehicles were defective in this manner but failed and refused to disclose these defects to customers, despite having the capability and means to do so.

37. Defendants had the capability and means to add an engine immobilizer or similar device, yet they failed to do so.

38. Defendants also knew that it was unnecessarily dangerous not to have an engine immobilizer.

39. Beginning in 2009, Kia sought to add an immobilizer to its Amanti line. It told the federal government that this device was similar to other devices which reduce theft by 58 to 80 percent. *See* Federal Register, Vol. 75, No. 6, page 1448, January 11, 2010.

40. Likewise, beginning in 2007, Hyundai sought to add an immobilizer to its Azera line. It told the federal government that this device was similar to other devices which reduce theft by 58 to 80 percent. *See* Federal Register, Vol. 72, No. 138, page 39662, July 19, 2007.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the following class of similarly situated persons:

    a. A "New York Class" based on claims brought under the NYGBL, and for unjust enrichment, negligence, and design defect consisting of all persons who purchased any of the Defective Vehicles in the state of New York for personal, family, business, or household purposes within the applicable statute of limitations period; or

    b. A "New York Class" based on claims of unjust enrichment, negligence, and design defect consisting of all consumers who own any of the Defective Vehicles in New York.

42. Excluded from each Class is Defendants, including any parent, subsidiary, affiliate or controlled person of Defendants; Defendants' officers, directors, agents or employees; the judicial officers assigned to this litigation; and members of their staffs and immediate families. Also excluded from the Class are those claiming they have suffered a personal injury as result of the Defective Vehicles.

43. The proposed New York Class meets all requirements for class certification. The Class satisfies the numerosity standards. The Class is believed to number in the thousands of persons. As a result, joinder of all Class Members in a single action is impracticable. Class Members may be informed of the pendency of this Class Action by, among other methods, direct, published and/or broadcast notice.

44. There are questions of fact and law common to the New York Class which predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

    a. Whether Defendants manufactured and designed the Defective Vehicles without engine immobilizers;

b. Whether the failure of the vehicles to, among other design failures, have engine immobilizers makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers

c. Whether the absence of an engine immobilizer, among other design failures, is a material fact in the purchasing of a vehicle;

d. Whether, in marketing and selling the Defective Vehicles, Defendants failed to disclose the lack of an engine immobilizers and other design failures;

e. Whether Defendants failed to disclose and/or concealed the material fact that the Defective Vehicles, among other things, did not have engine immobilizers;

f. Whether Defendants failed to warn adequately of the dangers of vehicles that do not contain engine immobilizers, among other things;

g. Whether Defendants knew or should have known that the Defective Vehicles did not have engine immobilizers, among other things;

h. Whether Defendants knew or should have known that the failure of the vehicles to have engine immobilizers, among other things, makes them easy to steal, unsafe, and worth less than they would be if they had engine immobilizers;

i. Whether Defendants continued to manufacture, market, distribute, and sell the Defective Vehicles notwithstanding its knowledge of the defects' dangerous nature and risks of harm;

j. Whether Defendants knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of the Defective Vehicles from the consuming public;

k. Whether the Defective Vehicles proved reliable transportation;

l. Whether the Defective Vehicles are safe;

m. Whether the Defective Vehicles contain a design defect; and/or

n. Whether Defendants' conduct violated the NYGBL.

45. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy.

46. A class action is the appropriate method for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual Class Members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of the New York Class Members to protect their interests.

47. The claims of Plaintiff are typical of the claims of members of the New York Class. Upon information and belief, the Defective Vehicles all share the same defects. Upon information and belief, the labels, manuals, advertising, and disclosures concerning the Defective Vehicles all fail to reasonably disclose the presence of these defects. Therefore, the information withheld by Defendants to Plaintiff and all New York Class members was identical.

48. Plaintiff is an adequate representative of the New York Class because she is a member of the Class and her interests do not conflict with the interests of the members of the New

York Class she seeks to represent. The interests of the members of the New York Class will be fairly and adequately protected by the Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex class action litigation.

49. Plaintiff seeks a refund of some or all monies paid as a result of the purchase of the Defective Vehicle that occurred following Defendants' wrongful and improper conduct in connection with the manufacture, marketing, distribution, testing, promotion, labeling and/or selling of the Defective Vehicle.

50. Plaintiff also seeks compensation for damages incurred beyond the reduced value of their vehicles, including but not limited to the purchase price of a "Club" or other similar device to prevent theft, the increased insurance premiums incurred due to the design defect, and the stigma associated with the Defective Vehicles.

51. Plaintiff specifically excludes from this class action any damages, losses, or other relief of any kind arising from the personal injuries suffered by those class members personally injured by the Defective Vehicle.

52. Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the New York Class who suffered harm to bring a separate action given the damages at issue compared to the costs of litigating each individual claim. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all New York Class Members.

53. Class action treatment of the claims in this action is the superior method of resolution with respect to concerns of efficiency, fairness and equity over other available methods of adjudication.

54. Class action treatment is appropriate in this case because Defendants acted, or refused to act, in a manner that was generally applicable to – and often identical to – each member of the New York Class. Defendants provided vehicles with the same defect to, and withheld the same information from, all members of the New York Class and sold vehicles with the same defects.

55. Notice can be provided to Class Members by using techniques and forms of notice similar to those customarily used in other defective-product cases and complex class actions.

## CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW (NYGBL §349)

56. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

57. The acts and practices engaged in by Defendants, and described herein, constitute unlawful, unfair and/or fraudulent business practices in violation of the NYGBL §349.

58. Plaintiff and the New York Class Members are consumers within the meaning of the NYGBL.

59. Defendants are engaged in trade or commerce as used in the NYGBL.

60. Under the NYGBL, unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in trade or commerce are unlawful.

61. Defendants engaged in unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression, or omission of material facts—specifically, the failure to warn or disclose that the vehicles were defective, including that they

lacked an engine immobilizer, as well as the representation that the Defective Vehicles meet all federal safety standards—in connection with the sale, distribution or advertisement of the Defective Vehicle in violation of the NYGBL.

62. Plaintiff purchased the Defective Vehicle, a product that was falsely represented, as stated above, in violation of the NYGBL, and as a result, Plaintiff suffered economic damages in that the vehicle she purchased was worth less than the vehicle she thought she had purchased had Defendants not omitted and/or misrepresented material facts. Plaintiff, and other reasonable consumers, had no reasonable information to suggest that the Defective Vehicles lacked an engine immobilizer, failed to meet FMVSS 114, or was otherwise easy to steal and unsafe.

63. Plaintiff and the New York Class members acted as reasonable consumers would in light of all circumstances.

64. Defendants' actions and omissions would cause a reasonable person to enter in the sale and transaction that resulted in damages to Plaintiff and the New York Class.

65. As a result of Defendants' actions and omissions, Plaintiff and the New York Class suffered economic damages that can be calculated with a reasonable degree of certainty, including a refund of money paid as a result of their purchases.

66. These damages are not limited to only the difference in value between a Defective Vehicle and a similar vehicle that is not defective. Other damages include, but are not limited to, the purchase price of a "Club" or other similar device to prevent theft, increased insurance premiums due to the design defect, and the stigma associated with the Defective Vehicles.

67. Plaintiff and the New York Class also seek injunctive relief, requiring Defendants to fix the Defective Vehicles.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages in excess of the jurisdictional limit as determined at trial, injunctive relief, for the costs of this action, attorney's fees, and for such further relief as the Court deems fair and reasonable.

## COUNT II - UNJUST ENRICHMENT

68. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

69. Plaintiff and the New York Class members purchased vehicles that they would not have purchased had they known that the vehicles, among other defects, contain no engine immobilizers, are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers.

70. The Defendants were therefore unjustly enriched at the expense of and to the detriment of the Plaintiff and the New York Class.

71. Plaintiff and the New York Class are therefore entitled to restitution from the Defendants, and seek an order requiring the Defendants to disgorge all profits, benefits and other compensation the Defendants obtained from the sale of these products.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## COUNT III – NEGLIGENCE

72. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

73. Defendants designed, manufactured, distributed, tested, sold, applied, used and/or supplied the Defective Vehicles at issue.

74. Defendants held themselves out as corporations capable of reasonably and prudently developing, manufacturing, marketing, supplying, testing, distributing, applying, using,

supplying, and selling the Defective Vehicles at issue and therefore had the duty to have and exercise the knowledge of an expert on such product.

75. Defendants knew or should have known that the Defective Vehicles contained defects including that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key.

76. Defendants knew or should have known that the Defective Vehicles are too easy to steal.

77. As designers, manufacturers, processors, packagers, distributors, marketers, sellers, users, appliers and suppliers of the Defective Product at issue, Defendants had a duty to exercise due care and the ordinary, reasonable and technical skill and competence that is required of designers, manufacturers, processors, packagers, distributors, marketers, sellers, suppliers, and others in a similar situation, including, without limitation, the duty to test its products; the duty to acquire and maintain the knowledge of an expert; the duty to design, manufacture, process, distribute, market, sell, and/or supply its product free from defects and/or latent defects; the duty to adequately warn of product defects and/or hazards, which duty continued even after the sale of said products; and the duty to market, advertise, sell and supply products with adequate information and warnings about the unacceptable risk of theft their design failures create.

78. Defendant failed to use due care under the circumstances and thereby breached their duties as set forth above and were careless and negligent in the performance of said duties to Plaintiff and the New York Class members.

79. Plaintiff used the Defective Vehicle in a manner ordinarily anticipated by Defendants.

80. As a direct and proximate result of the dangerous and defective condition of Defendant's products and Defendants' failure to warn of the dangers thereof, Plaintiff and the New York Class members have suffered economic injuries.

81. These injuries are not limited to the difference in value between a Defective Vehicle and a similar vehicle that is not defective. Other damages include, but are not limited to, the purchase price of a "Club" or other similar device to prevent theft, increased insurance premiums due to the design defect, and the stigma associated with the Defective Vehicles.

82. As a direct and proximate result of Defendants' negligence, Plaintiff and the New York Class have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## COUNT IV- STRICT LIABILITY, DESIGN DEFECT

83. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

84. Defendants designed, manufactured, and/or supplied the Defective Product in question within the ordinary course of its business.

85. Plaintiff and the New York Class members purchased and own a Defective Vehicle.

86. The Defective Vehicles contain a design defect including that, among other things, Defendants manufactured and designed them without engine immobilizers, an electronic security device that makes it more difficult to start a vehicle without a key. As a result, the Defective Vehicles are far easier to steal than other vehicles, and are therefore unsafe and worth less than if they had engine immobilizers, which they should.

87. Defendant knew or should have known of the dangerous and defective nature of the Defective Vehicles at the time of their design, manufacture, sale, testing, transportation, distribution, supply, and use.

88. Notwithstanding, Defendants failed to take safety precautions to prevent economic injury to Plaintiff and failed to warn and/or instruct Plaintiff and others of the defective and unreasonably dangerous nature of said vehicles.

89. Defendants' defective and unreasonably dangerous vehicles directly and proximately caused economic injuries to Plaintiff and the New York Class members.

90. Plaintiff and the New York Class members drive and park their vehicles, and leave them unattended when parked, which is a manner of use reasonably anticipated by Defendants.

91. As a result of the Defective Vehicles' defect, which makes them too easy to steal, they are unreasonably dangerous and defective when put to the use anticipated by Defendants.

92. As a direct and proximate result of the dangerous and defective condition of Defendants' vehicles and Defendants' failure to warn of the dangers thereof, Plaintiff and the New York Class members have suffered economic injuries.

93. These injuries are not limited to the difference in value between a Defective Vehicle and a similar vehicle that is not defective. Other damages include, but are not limited to, the purchase price of a "Club" or other similar device to prevent theft, increased insurance premiums due to the design defect, and the stigma associated with the Defective Vehicles.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief and judgment against Defendants as follows:

a. That the Court enter an order certifying the New York Class, appointing Plaintiff as representative of the New York Class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the New York Class;

b. For damages in an amount to be proven at trial;

c. For appropriate injunctive relief, enjoining the Defendants from selling the Defective Vehicles and ordering them to fix or replace the vehicles;

d. For attorney's fees;

e. For Plaintiff's costs incurred; and

f. For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all the issues so triable.

KENT, BEATTY & GORDON, LLP

*/s/ Joshua B. Katz*
Joshua B. Katz
Eleven Times Square
New York, New York 10036
(212) 421-4300
jbk@kbg-law.com

-and-

HUMPHREY, FARRINGTON & MCCLAIN, P.C.
Kenneth B. McClain (*Pro Hac Vice to be filed*)
Jonathan M. Soper (*Pro Hac Vice to be filed*)
Kevin D. Stanley (*Pro Hac Vice to be filed*)
Chelsea M. Pierce (*Pro Hac Vice to be filed*)

221 West Lexington Ave., Ste. 400
Independence, MO 64051
(816) 836-5050
kbm@hfmlegal.com
jms@hfmlegal.com
kds@hfmlegal.com
cmp@hfmlegal.com

*Attorneys for Plaintiff and the Proposed Class*